UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff(s), ) <br> ) <br> v. ) <br> ) <br> PARKER KAWEHAH HO, ) <br> ) <br> Defendant. ) <br> _____) | No. CR 08-70766 (BZ) <br><br> **DETENTION ORDER** |

On November 21, 2008, I heard the government's motion to detain Parker Kawehah Ho. Defendant was present and represented by Assistant Federal Public Defender Daniel Blank. Assistant United States Attorney Denise Marie Barton appeared for the United States.

Having considered the parties' proffers, and the Pretrial Services report which recommends detention, I find that the government has met its burden of showing by a preponderance of the evidence that the defendant presents a risk of flight and by clear and convincing evidence that the defendant presents a danger to the community. I also find that defendant's proposed conditions of release are unacceptable as the

1

1  defendant has not proposed any financially stable surety or
2  any secured bond.  In so finding, I have considered the
3  following factors:
4          1.  Defendant is charged in a criminal complaint
5  with 3 counts of bank robbery, in violation of Title 18,
6  United States Code, Section 2113 (a).  If convicted, he faces
7  a maximum term of imprisonment of 20 years on each count, and
8  a maximum term of 3 years supervised release.  While the facts
9  of the offense are the least important factor in my
10 determination, the government has proffered that on three
11 separate dates in October and November 2008, the defendant
12 entered three different banks in San Francisco, California and
13 demanded money from tellers.  In addition to the charged bank
14 robberies, the defendant is a suspect in five additional
15 successful bank robberies and two attempted bank robberies in
16 the San Francisco area.  Given the seriousness of the charges,
17 defendant has an incentive to flee.
18         2. Defendant does not have strong ties to the
19 community.  Although Pretrial services does report that
20 defendant has lived in the Bay Area for most of his life, the
21 report also notes that defendant has been homeless for the
22 past five months and has been unemployed for some time.  He
23 has no stable residence or employment history.  He has no
24 family ties in the Bay Area besides his father, with whom
25 defendant has not had contact with since 2006.  Defendant's
26 mother lives in Henderson Nevada, and his siblings appear to
27 live in Hawaii.  Defendant's current relationship with his
28 significant other is relatively short lived.

1       3.  I am also concerned that defendant is not
2  amenable to supervision.  The release proposal included
3  Newbridge Drug Treatment Center which is not a full lockdown
4  facility.  Furthermore, defendant was previously kicked out of
5  a drug treatment facility and subsequently reverted back to
6  crime and drug use.  Therefore, placement in such a facility
7  could not reasonably assure that he will make for future
8  appearances, or reasonably assure the safety of the community.
9       4. Defendant's significant other is willing to act
10 as a surety.  However, she does not appear to be a financially
11 responsible person.  His mother is reportedly willing to sign
12 an unsecured bond.  However, she has not spoken to Pretrial
13 Services and I do not know if she is an acceptable surety.
14 Furthermore, no security for a bond was offered.
15      5.  All the above factors establish that he is a
16 flight risk.
17      6.  Defendant has a lengthy criminal history, with
18 several theft and drug related charges.  Defendants criminal
19 history and his drug use show a consistent trend - he supports
20 his drug problem through theft type crimes.  He is alleged to
21 have committed a series of bank robberies after he left his
22 drug treatment program.  Because of defendants drug problem,
23 and his history of committing crimes to fund this problem, I
24 find that defendant is a danger to the community and that no
25 conditions of release would reasonably assure the safety of
26 the community.
27      7.  For the reasons set forth above, I find, by a
28 preponderance of the evidence, that defendant presents a risk

3

of flight and by clear and convincing evidence that the defendant presents a danger to the community. I further find that no conditions have been presented that will reasonably assure the defendant's appearance, alleviate the risk of flight, or assure the safety of the community.

Therefore, **IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: November 25, 2008

                                Bernard Zimmerman
                       United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2008\HO DETENTION ORDER.wpd

4